## SIMEON GEORGE *v.* EPH. W. FARR & ALS.

Where the parties submitted their matters in dispute, by bond under seal, to certain arbitrators, and, after its execution, by parol agreement, substituted another contract, *held,* that a parol agreement so substituted may be sufficient whereon to found an action of assumpsit, but the agreement or award made under it cannot be made the foundation of an action on the bond, whereby the parties bound themselves to perform a different contract.

DEBT, on a bond. Plea, the general issue and a brief statement: 1st. Of no award: 2d. That an award made by other referees than those named in the condition of the bond is void for uncertainty; also because it does not appear from the award that all the referees attended and heard the parties, nor that the parties agreed otherwise; also because they did not in fact do so; and because the referees did not decide upon all of the matters submitted to their consideration: and 3d, That by the terms of said award there was a condition precedent to be performed by the plaintiff which had not been complied with at the time of commencing this suit.

The condition to the bond in suit is as follows, viz: "The condition of this obligation is that the said Ephraim W. Farr and Simeon George have agreed to submit all demands and matters of controversy now existing between them to the determination of Elijah Baker and John F. White, both of said Dalton. Now if the said Ephraim W. Farr shall well and truly perform and pay to the said Simeon George all and singular the sums and damages that may be awarded him by said referees agreeably to the tenor of their report, this obligation shall be void."

The bond was dated Dec. 25th, 1862, and duly executed by the defendants. On the same day the plaintiff and said Farr entered into a reference under the statute, with the knowledge and assent of said Brooks, before a justice of the peace, in which they "agreed to submit all demands and matters of controversy then existing between them, including a certain suit commenced by said Farr against said George, and then pending before the Supreme Judicial Court, to be holden at Lancaster, in and for said county of Coos, on the fourth Tuesday of April then next, to the determination of Elijah Baker and John F. White of said Dalton; and it was agreed that if any difficulty shall occur between said referees with regard to a decision, or if they could not agree thereupon, they might select a third man to sit with them upon said case, the report of whom, being made and returned to said parties at the time of said reference, shall be final; and it was also agreed that the reference be held on the 30th day of December, 1862."

On the 1st day of January, 1863, an award was made, of which the following is a true copy, viz: In the case *Farr* v. *George,* your referees, after a careful consideration of the case, bring in the following award: That the said George shall replace the wood and have until the 15th of this month to leave the place in; and the said Farr shall have the care of his stock from this day if he chooses, and pay the said George the sum of fifty dollars and each shall pay their own costs.

        (Signed)                                    W. S. CROUCH,
                                                    ELIJAH BAKER,
                                                    JOHN F. WHITE.

In the argument either party may refer to the pleadings in the case, and the bond and submission, if they desire.

It is agreed that the questions of law arising upon the above case be transferred for the determination of the full bench, and that when decided either party may have a trial by jury if he elects, otherwise judgment is to be entered according to the opinion of the court.

Ordered that the questions arising in this case be reserved.

*Burns & Fletcher*, for plaintiff.

*H. & G. A. Bingham*, for defendants.

NESMITH, J. This was debt on bond. The first plea is, that there was no award made by the referees named in the condition of said bond. This plea appears to be sustained by the production of the award itself, which is signed by W. S. Crouch, and also by White and Baker, the said Crouch not being one of the referees originally agreed to before the execution of the bond in suit. The evidence is, therefore, that the award produced is not in pursuance with the submission of the parties, as contained in the original bond, and for this reason is not binding.

But the case finds that the parties afterwards, on the day of, the date of the bond, under a written submission, authorized said Baker and White, the referees before named, in case they could not agree, to select a third man to sit with them on said case, the report of whom being made and returned to said parties, at the time of said reference, shall be final. Said reference to be on the 30th day of December, A. D. 1862.

It is held that a parol agreement so substituted may be sufficient whereon to found an action of assumpsit, but cannot be the foundation of an action on the bond whereby the parties bound themselves to perform a different contract. *Heard* v. *Wadham*, 1 East. Rep. 630; *Littler* v. *Holland*, 3 Term Rep. 589; *Cook* v. *Jennings*, 7 Term Rep. 381.

In this State, it has been decided, that, where a submission is made by deed, the time for making the award can be extended only by deed, and the profert of the latter must be made in pleading. *Brown* v. *Copp*, 5 N. H. 223.

As the award in the case does not pursue the submission in the bond, the plaintiff cannot recover.

Judgment for defendant unless the plaintiff shall elect

*A trial by jury.*